IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| ASHLEY BARBER, | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00099-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| ELIZABETH ELES, LISA GRAVES, | ) | |
| HOWARD SISSEM, VALERIE KUSIAK, | ) | REPORT AND RECOMMENDATION |
| DR. DESIREE LUCAS, JAMIE | ) | CONCERNING PLAINTIFF'S § 1983 |
| RODRIGUEZ, AMY BOYLAN, | ) | CLAIMS AGAINST DEFENDANT |
| SHANNON ANDERSON, JAMES HICKS, | ) | ELIZABETH ELES |
| CCPM MICHAEL COLE, CORTNEY | ) | |
| NATH, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

I.    Recommendation

It is respectfully recommended that Plaintiff Ashley Barber's Fourth Amendment claim against Defendant Elizabeth Eles be DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1]

---

[1] The complaint is subject to sua sponte screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2) because The Plaintiff is proceeding in forma pauperis ("IFP"), initiated this action while incarcerated, and seeks redress from a governmental employee and entity. *See e.g., Hoye v. Allegheny Cnty. Med. Dep't*, 2023 WL 7304825, at *2 (W.D. Pa. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7124580 (W.D. Pa. Oct. 30, 2023). Section 1915(e)(2) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). *See also Hoye*, 2023 WL 7304825, at *2 n.3 (citing *Douris v. Middletown Twp.*, 293 Fed. Appx. 10, 132 (3d Cir. 2008) (non-precedential) (noting that the statute's reference to prisoners in § 1915(a)(1) "appears to be a mistake" because IFP status is "afforded to all indigent persons, not just prisoners."); *Atamian v. Burns*, 236 Fed. Appx. 753, 754 (3d Cir. 2007) (non-precedential) ("the provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners.")). The determination of whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

II.    Report

Plaintiff is an inmate in the custody of the Pennsylvania Department of Corrections at it State Correctional Institution at Cambridge Springs ("SCI-Cambridge Springs"). She brings this pro se civil rights action against another inmate, Elizabeth Eles, and several individuals employed at SCI-Cambridge Springs ("DOC Defendants"). *See* ECF No. 11. Plaintiff alleges that Eles sexually abused and harassed her and that the other defendants failed to protect her from this abuse. *See id.*, generally.

The DOC Defendants have moved to dismiss Plaintiff's Complaint. *See* ECF No. 17. Plaintiff has been ordered to file a response to this motion on or before February 12, 2026. *See* ECF No. 20. Defendant Eles has not yet been served.

Plaintiff's Fourth Amendment claim against Eles should be dismissed because the facts alleged in the Complaint do not support a finding that Eles acted under color of state law. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts to show that each defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). In other words, a plaintiff cannot proceed under § 1983 against a defendant unless he alleges facts to show that the defendant acted under color of state law—*i.e.*, was a "state actor"—and participated in the deprivation of a federal constitutional or statutory right. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Private actors, on the other hand, "do not act under color of state law" and thus "are not liable under Section 1983." *Gerhart v. Energy Transfer Partners, L.P.*, 2018 WL 6589586, at *9 (M.D. Pa. Dec. 14, 2018) (quoting *Luck v. Mount Airy #1, LLC*, 901 F.Supp.2d 547, 560 (M.D. Pa. 2012)).

Plaintiff cannot sue Eles under § 1983 because Eles, an inmate, is not a state actor. *See, e.g., Simonton v. Tennis*, 437 Fed. Appx 60, 62 (3d Cir. 2011). The Complaint alleges no facts to support a plausible inference that Eles acted under color of state law or conspired with state actors to deny Plaintiff her constitutional rights.[2] *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). It therefore fails to state a claim under § 1983 against Defendant Eles. *See also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175–76 (3d Cir.2010) ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action"). Accordingly, the Fourth Amendment claim against Eles should be dismissed.

III.    Conclusion

For the foregoing reasons, it is respectfully recommended that the Plaintiff's Fourth Amendment claim, as alleged against Defendant Eles, be dismissed as legally frivolous and/or for failure to state a claim in accordance with 28 U.S.C. § 1915(e) and that leave to amend be denied as futile.[3]

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. *See Fed. R.*

---

[2] A non-state actor can be liable under § 1983 if he conspires with a state actor. *See Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998) ("Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts under color of state law for purposes of § 1983." (internal quotation marks omitted)).

[3] This Report and Recommendation expresses no position regarding any state law claims Plaintiff may pursue against Eles.

Civ. P. 72(b)(2).  Extensions of time will not be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank,* 488 F.3d 187 (3d Cir. 2007).  *See also Harris v. Williams*, 2024 WL 3164893, at *4 (W.D. Pa. May 31, 2024), *report and recommendation adopted*, No. CV 23-303, 2024 WL 3161664 (W.D. Pa. June 24, 2024)

DATED this 13th day of January, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

4